Considered by GREEN and ARUNDELL.

---

LAWRENCE TRUST CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10090.    Promulgated October 25, 1927.

The statutory period within which the amount of the petitioner's income and profits taxes for the calendar year 1918 could be determined and assessed expired on June 15, 1924. Subsequently, both the petitioner and the respondent consented in writing to extend said period, and thereafter respondent determined the deficiency for said year within the period provided in said consent. *Held* that, notwithstanding the statute of limitations had run on the determination and assessment of the tax prior to the time the consent was executed, the tax might be determined and assessed within the period provided in said consent. *Held, further,* that no assessment of the tax having been made prior to the enactment of the Revenue Act of 1924 and the period within which assessment might be made not then having expired, neither assessment nor collection of the tax is now barred by limitation.

*Cornelius J. Mahoney, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in income and profits taxes for the calendar years 1918 and 1919 in the amounts of $10,662.55 and $998.65, respectively. With respect to the calendar year 1918, petitioner alleges that assessment of the deficiency is barred by the statute of limitations, and with respect to both the calendar years 1918 and 1919, petitioner alleges that the respondent erred by not allowing sufficient depreciation on fixtures and improvements. The respondent denies specifically and generally said allegations of the petitioner. By agreement of counsel, the hearing was limited to the issue raised by the plea of limitations in bar of the deficiency for the year 1918. In that connection, counsel for the petitioner stated that if said plea should be sustained, the petitioner was not disposed to contest the deficiency asserted for 1919, but that if said plea should be denied, it reserved the right to prosecute its appeal with respect to the deficiencies asserted for both years. Thereupon, counsel for the parties orally stipulated the material facts on the issue of limitations.

### FINDINGS OF FACT.

The petitioner is a Massachusetts corporation, located at Lawrence. On March 19, 1919, the petitioner filed a tentative return for the calendar year 1918, and on June 16, 1919, duly filed its original income and profits-tax return for said year. An amended return was filed by the petitioner for said year on May 11, 1922. The statutory period within which the petitioner's income and profits taxes for the calendar year 1918 might be determined and assessed expired on June 15, 1924, and thereafter under date of May 22, 1925, both the petitioner and the respondent executed a so-called waiver, or an instrument in writing, whereby said parties consented to extend the period prescribed by law for a determination, assessment and collection of the said taxes for said year. On October 21, 1925, and within the period provided in said waiver or consent, the respondent determined the deficiencies involved herein and mailed notice thereof to the petitioner, which was received in due course. The petitioner thereafter seasonably filed its appeal on December 13, 1925.

### OPINION.

TRAMMELL: From the foregoing stipulated facts, it appears that at the time the waiver or consent was executed, the determination and assessment of the taxes in question were barred by the statute of limitations, and that the respondent thereafter determined the

deficiency for the calendar year 1918 within the period provided in said waiver or consent. It further appears that no assessment of said taxes was made prior to the enactment of the Revenue Act of 1924, and that on the effective date of that act the period within which assessment might be made had not expired. Under similar facts, in *Joy Floral Co.* v. *Commissioner*, 7 B. T. A. 800, we held that, notwithstanding the statute had run on any assessment of the tax at the time the consent was executed, the tax might be assessed within the period provided in such consent. We also held further that where no assessment of the tax was made before the enactment of the Revenue Act of 1924, and the period within which assessment might be made had not then expired, the tax might be collected within six years after assessment. On authority of that decision, we hold that neither assessment nor collection of the taxes here involved is barred by limitations. Accordingly, the petitioner's plea of limitations in bar of the deficiency asserted for the calendar year 1918 must be and is denied.

> *An order will be entered denying petitioner's plea of limitations in bar of the deficiency asserted for the calendar year 1918, and this proceeding will be restored to the General Calendar for further hearing in due course.*